UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBS REAL ESTATE SECURITIES, et al.,<br><br>Defendants. | Civ. No. 13-2953 (KM)<br><br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

**THIS MATTER** having been opened to the Court by Plaintiffs, The Prudential Insurance Company of America, Pruco Life Insurance Company, Prudential Retirement Insurance and Annuity Company, and Prudential Investment Portfolios 2, though their counsel Nukk-Freeman & Cerra, P.C. and Quinn Emanuel Urquhart & Sullivan, LLP, on a Motion to Remand this case, which was removed from state court [ECF No. 6]; and Defendants, UBS Real Estate Securities, Inc., UBS Securities LLC, and Mortgage Asset Securitization Transactions, Inc., through their counsel Greenbaum, Rowe, Smith & Davis, LLP, having submitted papers in opposition of the motion [ECF No. 20]; and Plaintiffs having submitted a reply brief [ECF No. 23]; and Magistrate Judge Madeline Cox Arleo having heard oral argument on August 27, 2013, and having filed a Report and Recommendation [ECF No. 30] on December 20, 2013; and the parties having filed no objection to the Report and Recommendation;

**IT APPEARING THAT :**

(1) The Complaint [ECF No. 1-3] alleges causes of action against Defendants for a) common-law fraud/fraudulent inducement, b) aiding and abetting same, c) equitable fraud, d) negligent misrepresentation, and e) violation of New Jersey Civil RICO, N.J.S.A. 2C:41-1 et seq.

(2) Defendants filed a notice to remove Plaintiffs' complaint from the Superior Court of New Jersey to this Court on May 8, 2013, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b)

("related to" bankruptcy proceeding) or 28 U.S.C. § 1332 (diversity).

(3) On June 5, 2013, Plaintiffs filed this Motion to Remand [ECF No. 6].

(4) Magistrate Judge Arleo's Report and Recommendation determined that this Court does not have jurisdiction over this case because a) this case does not relate to any pending bankruptcy proceeding(s) (*see* 28 U.S.C. § 1334(b)); b) even if jurisdiction pursuant to 28 U.S.C. § 1334(b) existed, remand to state court would still be appropriate pursuant to mandatory abstention, 28 U.S.C. § 1334(c)(2), the permissive abstention, 28 U.S.C. § 1334(c)(1), or equitable remand; and c) complete diversity is lacking for purposes of 28 U.S.C. § 1332, and Defendants have failed to establish fraudulent joinder for the purpos of defeating diversity jurisdiction.

(5) Neither party filed an objection to the Report and Recommendation within fourteen days after December 20, 2013, when it was filed and served. *See* Local Civil Rule 72.1(c) (14-day deadline for objections).

(6) This Court reviews the Magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

(7) If there are no objections, this Court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

(8) I apply a plain error standard of review here, but the standard of review is not critical, because I am in complete agreement with the thorough and well-reasoned Report and Recommendation filed by Magistrate Judge Arleo.

Accordingly, having considered all of the foregoing and the other documents in the record, pursuant to Federal Rule of Civil Procedure 78, and for good cause appearing,

**IT IS** this 16th day of January, 2014,

**ORDERED** that Magistrate Judge Arleo's Report and Recommendation is adopted in full and Defendants' Motion for Remand is **GRANTED**; and it is further

**ORDERED** that the case be **REMANDED** to the Superior Court of New Jersey, Law Division, Essex County; and it is further

**ORDERED** that the Clerk **CLOSE** the file.

**HON. KEVIN MCNULTY**
**United States District Judge**